**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 15, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

THOMAS HERNDON,

    Plaintiff - Appellant,

v.

BEST BUY CO., INC.,

    Defendant - Appellee.

No. 15-2029
(D.C. No. 1:14-CV-00162-KBM-RHS)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

Plaintiff Thomas Herndon appeals the district court's Fed. R. Civ. P. 12(b)(6)

dismissal of his state law retaliatory discharge suit against his former employer, Best

Buy Co., Inc. Because we agree Herndon has not stated a cognizable legal claim, we

affirm the dismissal.

**BACKGROUND**

Herndon, a general manager for Best Buy, hired an individual who had a prior

felony conviction for armed bank robbery. Best Buy terminated Herndon's

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

employment, stating he made a "questionable hiring decision without partnering with appropriate leadership that could have put the company at risk." Aplt. App. at 17 (internal quotation marks omitted).

Herndon filed suit in New Mexico state court claiming retaliatory discharge, and Best Buy removed the suit to federal court on diversity grounds. In New Mexico, a claim of retaliatory discharge "allows a discharged at-will employee to recover in tort when his discharge contravenes a clear mandate of public policy." *Chavez v. Manville Prods. Corp.*, 777 P.2d 371, 375 (N.M. 1989). Herndon points to New Mexico's Criminal Offender Employment Act (COEA), N.M. Stat. Ann. §§ 28-2-1 to -6, as support for his argument that terminating him for hiring a convicted felon violated clear public policy.

The COEA provides that:

> [I]n determining eligibility for *employment with the state* or any of its political subdivisions or for a license, permit, certificate or other authority to engage in any regulated trade, business or profession, the board or other department or agency having jurisdiction may take into consideration a conviction, but the conviction shall not operate as an automatic bar to obtaining *public employment or license* or other authority to practice the trade. . . .

N.M. Stat. Ann. § 28-2-3 (emphasis added). The COEA also provides that a state board or agency may refuse to grant or renew "public employment or license" to a person "convicted of a felony or a misdemeanor involving moral turpitude" if the conviction either "directly relates to the particular employment" or the employee "has not been sufficiently rehabilitated to warrant the public trust." *Id.* § 28-2-4(A)(1) and (2). The COEA's stated purpose is to give ex-convicts "the

2

opportunity to secure employment or to engage in a lawful trade . . . to make rehabilitation feasible." *Id*. § 28-2-2.

Best Buy argued, and the district court agreed, that the COEA's requirements apply only to state employers and licensing authorities, and do not evidence a public policy in New Mexico of restricting a private employer's choice not to hire an ex-convict. Thus, the district court ruled Herndon failed to state a claim for which relief can be granted. Herndon appeals.

## DISCUSSION

The issue on appeal is whether Best Buy's termination of Herndon because he hired a convicted armed-robbery felon violated a clear mandate of New Mexico's public policy as evidenced by the COEA. The substantive law of New Mexico, the forum state in this diversity action, governs our analysis. *See Stickley v. State Farm Mut. Auto. Ins. Co.*, 505 F.3d 1070, 1076 (10th Cir. 2007). We review de novo the district court's statutory interpretation, *Coffey v. Freeport McMoran Copper & Gold*, 581 F.3d 1240, 1245 (10th Cir. 2009) (per curiam), and its Rule 12(b)(6) dismissal. *Jordan-Arapahoe, LLP v. Bd. of Cty. Comm'rs*, 633 F.3d 1022, 1025 (10th Cir. 2011).

"The linchpin of a cause of action for retaliatory discharge is whether by discharging the complaining employee the employer violated a clear mandate of public policy." *Shovelin v. Cent. N.M. Elec. Co-op., Inc.*, 850 P.2d 996, 1006 (N.M. 1993) (internal quotation marks omitted). "A clear mandate of public policy

3

sufficient to support a claim of retaliatory discharge may be gleaned from the enactments of the legislature and the decisions of the courts." *Id*.

The district court quoted and thoroughly analyzed the COEA's requirements, and concluded from the plain language of the statute that its provisions apply only to public entities. It noted that § 28-2-3 applies only to state employment or eligibility for a state license; that § 28-2-4 lists the reasons a state board or agency may refuse to hire or issue a license to a person convicted of a felony or a misdemeanor involving moral turpitude; and that § 28-2-5 exempts law enforcement agencies from the COEA. Herndon doesn't dispute the district court's determination that the COEA's provisions apply only to the state and its agencies, not to private employers. Instead, he contends the COEA's broadly-worded legislative purpose demonstrates that, irrespective of the COEA's actual provisions, New Mexico has a clear public policy prohibiting a private employer from discharging an employer because he or she hired a felon.

As Herndon points out, the COEA's description of legislative purpose lacks any language limiting its scope to state employment or licensure:

> The legislature finds that the public is best protected when criminal offenders or ex-convicts are given the opportunity to secure employment or to engage in a lawful trade, occupation or profession and that barriers to such employment should be removed to make rehabilitation feasible.

N.M. Stat. Ann. § 28-2-2.

4

Nevertheless, we can't agree with Herndon's suggestion that this statement expresses a clear public policy mandate supporting his retaliatory discharge claim against Best Buy, a private employer.

First, the New Mexico Legislature has mandated that "[t]he text of a statute or rule is the primary, essential source of its meaning." N.M. Stat. Ann. § 12-2A-19. "New Mexico courts have long honored this statutory command . . . recognizing that when a statute contains language which is clear and unambiguous, [courts] must give effect to that language and refrain from further statutory interpretation." *Starko, Inc. v. N.M. Human Servs. Dep't*, 333 P.3d 947, 956-57 (N.M. 2014) (brackets and internal quotation marks omitted). Referring only to the COEA statement of purpose, § 28-2-2, Herndon argues that if the New Mexico "Legislature wanted the [COEA] statute to apply only to state employers, it would have said so." Aplt. Opening Br. at 13. But that is exactly what the Legislature did: it directed every COEA provision solely to state employers and state licensing boards.

Second, the New Mexico Supreme Court has refused to broadly interpret statements of legislative purpose to support retaliatory discharge claims. "Every statute enacted by the legislature is in a sense an expression of public policy but not every expression of public policy will suffice to state a claim for retaliatory discharge." *Shovelin*, 850 P.2d at 1006. "Unless an employee at will identifies a *specific* expression of public policy, he may be discharged with or without cause." *Id*. at 1006-07 (emphasis added; brackets omitted). Herndon doesn't point to any specific legislative provision in the COEA or otherwise that encourages or requires

5

private employers to hire convicted felons, or that prohibits a private employer from terminating an employee for hiring a felon.

Herndon notes the New Mexico Supreme Court has said "there may, in some instance, be no expression of public policy [and] the judiciary would have to imply a right as well as a remedy." *Id.* at 1006 (brackets internal quotation marks omitted). But it is "rare for courts to recognize a cause of action for retaliatory discharge in the absence of any supporting public policy expressed in a constitution, statute, or regulation." *Gutierrez v. Sundancer Indian Jewelry, Inc.*, 868 P.2d 1266, 1282 (N.M. Ct. App. 1993). And Herndon points to no New Mexico court that has implied a public policy prohibiting private employers from choosing not to hire convicted felons.

Instead, courts interpreting New Mexico law "have adhered to the rule that retaliatory discharge is a narrow exception to the rule of employment at will and have refused to expand its application." *Shovelin*, 850 P.2d at 1007 (collecting cases). Moreover, we are mindful that as a federal court, we shouldn't "expand New Mexico law in a manner that the state courts have not, especially when such an expansion would, in effect, severely limit at-will employment in New Mexico, an at-will employment state." *Gonzales v. City of Albuquerque*, 849 F. Supp. 2d 1123, 1171 (D.N.M. 2011), *aff'd*, 701 F.3d 1267 (10th Cir. 2012). We agree with the district court that New Mexico has not recognized a clear public policy mandate restricting private employers from deciding not to hire convicted felons or for terminating a employee for making such a hire.

6

Accordingly, we affirm the district court's dismissal of this action for failure to state a claim and we deny Herndon's motion to certify a question of state law to the New Mexico Supreme Court.

Entered for the Court


Nancy L. Moritz
Circuit Judge